UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JACOB C. BRIER,

Plaintiff,

v.

CAUSE NO. 3:25-CV-458-CCB-SJF

CENTURION HEALTH OF INDIANA,
INDIANA DEPT OF CORRECTIONS,

Defendants.

### OPINION AND ORDER

Jacob C. Brier, a prisoner without a lawyer, filed a complaint against two defendants: Centurion Health of Indiana and the Indiana Department of Correction. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Brier alleges that Centurion Health of Indiana has a pattern or practice of leaking confidential medical information and other personal information (some of which was fabricated) to inmates in retaliation for filing grievances or lawsuits. In support of his claim, Brier asserts that from March 2023 through February 2024, at Pendleton

Correctional Facility, two doctors disclosed details from his mental health records to custody staff and other inmates, and that these disclosures led to physical attacks. The disclosed information allegedly included a fabricated diagnosis of paraphilia. Later, at Westville Correctional Facility, three other individuals leaked similar mental health information to inmates. Brier speculates that others have suffered from similar disclosures, but he offers no specific factual allegations to support that assertion.

A private company performing a public function can be sued under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but such entities "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). "At the pleading stage . . . a plaintiff pursuing [a *Monell*] theory must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

The Seventh Circuit has noted that prisoners "at best have very limited privacy rights . . ." and has "not previously held in a published opinion that they enjoy a constitutional right to privacy in their medical information." *Franklin v. McCaughtry*, 110 Fed. Appx. 715, 719 (7th Cir. 2004) (citing *Anderson v. Romero*, 72 F.3d 518, 522–23 (7th

2

Cir. 1995)). Other circuits that have recognized such a right did so only in "instances [that] involved the purposeful dissemination of intensely private medical information." *Id.* "[S]emi-public discussion" of "fairly pedestrian maladies" such as sores, diabetes, the need for eyeglasses, and standard medical treatment in front of staff members, is a "sort of general indiscretion" that does not violate the constitution. *Id.*

Here, Brier has identified an intensely private diagnosis, but even if that amounts to a constitutional violation, Brier's complaint does not allege facts from which it can be plausibly inferred that Centurion Health of Indiana had a policy or practice that led to the violation. Rather, he makes vague allegations about a handful of individuals at two separate facilities who – over a period of years - allegedly shared medical or personal information with guards or inmates. As already explained, isolated instances of wrongdoing by a few employees cannot form the basis of a *Monell* claim. *Howell*, 987 F.3d at 654. Perhaps recognizing this issue, Brier claims that other inmates have had their confidential medical information shared too. However, he provides no details to support these vague and conclusory allegations, so they don't provide a sufficient basis for a *Monell* claim either. *See, e.g., Gill*, 850 F.3d at 344 ("At the pleading stage . . . a plaintiff pursuing [a *Monell*] theory must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom."); *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (noting that a plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level") (internal quotation marks and citation omitted); *Bissessur v. Indiana*

3

*Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (claim must have "facial plausibility" to survive dismissal). Therefore, he may not proceed against Centurion Health on a *Monell* claim.[1]

Brier has also named the Indiana Department of Correction as a defendant. Brier alleges that, in retaliation for filing grievances or lawsuits, it allowed personal information to be disclosed to other inmates and allowed officers to read outgoing mail and share the contents of that mail with other inmates. Claims arising under the Eighth Amendment or First Amendment must be brought pursuant to 42 U.S.C. § 1983, which provides a cause of action for constitutional violations by people acting under color of state law. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). The IDOC is an arm of the state and, as such, cannot be sued in federal court under 42 U.S.C. § 1983. *See Wagoner v. Lemmon,* 778 F.3d 586, 592 (7th Cir. 2015). States and state agencies are not "persons" for the purposes of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989); *Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003). Therefore, Brier cannot proceed on any Eighth Amendment or First Amendment claims against the IDOC.

---

[1] Brier does not specifically mention the Health Insurance Portability and Accountability Act ("HIPPA"), but it provides no remedy for Brier. "HIPAA prohibits the disclosure of medical records without the patient's consent. *See* 42 U.S.C. §§ 1320d–1 to d–7. But nowhere does the statute expressly create a private right of action to enforce this substantive prohibition." *Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019). "By prohibiting the disclosure of sensitive information, the statute imposes obligations on medical professionals charged with protecting the information without conferring individual privacy rights." *Id*. The Seventh Circuit has specifically held that "HIPAA confers no private right of action." *Id*. While medical professionals are "bound by the statute's disclosure prohibitions and confidentiality requirements," the enforcement for violations is the job of the Department of Health and Human Services and not private plaintiffs. *Id*.

Finally, Brier alleges various state law violations, including libel, slander, and defamation. In the absence of a federal claim, it is this court's practice to relinquish jurisdiction over state law claims. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claim conferring original jurisdiction before trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c)(3)."). Brier's complaint does not allege any federal claim, and so this court will not exercise supplemental jurisdiction over Brier's state law claims.

This complaint does not state a claim for which relief can be granted. If Brier believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **GRANTS** Jacob C. Brier until **June 15, 2026**, to file an amended complaint; and

5

(2) **CAUTIONS** Jacob C. Brier that, if he does not respond by the deadline, his state law claims will be dismissed without prejudice, and the remainder of this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on May 13, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT